IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

WILLIAM OF THE FAMILY RIGBY,

    Plaintiff,

    v.

TERRESSA D. MILLER *in her official capacity as Secretary of Pennsylvania Department of Human Services Customer Services*, ROBERT PATRICK, JR. *in his official capacity as Director of The Pennsylvania 42 U.S.C. 654(3) Bureau of Child Support Enforcement,* BETH CECCHINI *in her official capacity as Director of Washington County Pennsylvania Domestic Relations Section*,

    Defendants.

17cv1415
ELECTRONICALLY FILED

WILLIAM OF THE FAMILY RIGBY,

    Plaintiff,

    v.

PENNSYLVANIA 42 U.S.C. 654(3) BUREAU OF CHILD SUPPORT ENFORCEMENT, ET AL.,

    Defendants.

18cv0110
ELECTRONICALLY FILED

1

# Memorandum Order Dismissing Two (2) Complaints

## I. Introduction

*Pro se* Plaintiff, who identifies himself as "William of the Family Rigby,"[1] has brought two separate lawsuits alleging civil rights violations and conspiracies against several alleged "wrongdoers," naming family court/child support officials in Washington County, Pennsylvania, and Washington County as whole, among other officials. Plaintiff's Complaints appear to focus on an appeal of child paternity and/or child support rulings made in Washington County. In both lawsuits, Plaintiff seeks $5,000.00 from each Defendant (jointly and severally), plus punitive damages, costs, and equitable relief. Plaintiff appears to allege that the Bureau of Child Support Enforcement and the application of the IV-D program[2] somehow violated his rights, and on this basis he brings a 10 count Complaint (in 17-cv-01415), and a 20 count Complaint (in 18-cv-00110), alleging numerous claims including conspiracy, involuntary servitude and involuntary slavery. These claims are clearly fanciful or frivolous and wholly without merit, and the Court therefore dismisses both Complaints.

## II. Caselaw

Title 28 United States Code Section 1915A obligates the Court to review a prisoner's complaint as soon as practicable after docketing, and to dismiss the action if at any time it appears, *inter alia*, that the action is frivolous, malicious, or fails to state a claim. 28

---

[1] Plaintiff has brought these lawsuits under a false or fictitious name, which the Court may dismiss on this basis as well. *K.W. v. Holtzapple*, 299 F.R.D. 438 (M.D. Pa. July 10, 2014).

[2] The Court takes judicial notice that Plaintiff appears to be referencing Title IV of the Social Security Act, which relates to Grants to State for Aid and Services to Needy Families with Children and for Child-Welfare Services, and specifically, Part D of Title IV relates to Child Support and Establishment of Paternity.

U.S.C. § 1915A(b)(1). It is important to note that Section 1915(e)(2) is not limited to pro se prisoner suits. *Powell v. Hoover*, 956 F.Supp. 564 (M.D. Pa. 1997).

Additionally, 28 U.S.C. § 1915 (e)(2) provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that–
> (A) the allegation of poverty is untrue; or
> (B) the action or appeal--
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

The standard under which a district court may dismiss an action as frivolous under 28 U.S.C. § 1915(d) (the predecessor to section 1915 (e)(2)) was clarified by the United States Supreme Court in *Neitzke v. Williams*, 490 U.S. 319 (1989). Dismissal is appropriate both when the action is "based on an indisputably meritless legal theory," and when it posits "factual contentions [that] are clearly baseless." *Id*. at 327.

Where a complaint alleges facts that are "clearly baseless," "fanciful," or "delusional," it may be dismissed as frivolous. *Denton v. Hernandez,* 504 U.S. 25 (1992). If the pro se plaintiff can cure the factual allegations in order to state a claim, the Court should grant him or her leave to do so. *Grayson v. Mayview State Hosp*., 293 F.3d 103, 114 (3d Cir. 2002). A determination of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them. *Denton v. Hernandez,* 504 U.S. 25, 33 (U.S. 1992)(citing *Neitzke* at 328).

**III.    Conclusion**

Having reviewed Plaintiff's pending claims as contained in the two (2) recently filed Complaints, the Court finds that the allegations of these Complaints are individually and

collectively fanciful, and frivolous and no amendment will be permitted for the current Complaints, because no amendment could cure the deficiencies that require dismissal in these cases.

Suits against a state agency or a state department are considered to be suits against a state which are barred by the Eleventh Amendment. *In re Kish*, 221 B.R. 118, 124-25 (Bkrtcy. D. N.J. 1998) (quoting *Geis v. Board of Educ. of Parsippany–Troy Hills, Morris Cnty.*, 774 F.2d 575, 580 (3d Cir.1985)); accord *Hafer v. Melo*, 502 U.S. 21, 25 (1991); *Haybarger v. Lawrence County Adult Probation and Parole*, 551 F.3d 193, 198 ("the Eleventh Amendment applies to suits against subunits of the State"). And, suits against state officials for acts taken in their official capacity must be treated as suits against the state. *Hafer*, 502 U.S. at 25.

"The Commonwealth [of Pennsylvania] vests judicial power in a unified judicial system, and all courts and agencies of [that system] are part of the Commonwealth government rather than local entities." *Haybarger*, 551 F.3d at 198 (citing *Benn v. First Judicial Dist. of Pa.*, 426 F.3d 233, 240-41 (3d Cir. 2005) and Pa. Const. art. V, § 1)). It likewise is settled that "Pennsylvania's judicial districts . . . are entitled to Eleventh Amendment immunity." *Id.*

The Domestic Relations Section is a subunit of the Washington County Court of Common Pleas, and thus it is a subunit of the Commonwealth's unified judicial system. See 42 Pa.C.S.A.§ 961 ("Each court of common pleas shall have a domestic relations section . . ."); accord *Chilcott v. Erie County Domestic Relations*, 283 Fed. Appx. 8, 10 (3d Cir. 2008) ("Furthermore, the District Court properly dismissed the suit against the Erie County Prison and the Erie County Domestic Relations Section of the Erie County Court of Common Pleas because the Eleventh Amendment of the United States Constitution protects an unconsenting state or state agency from a suit brought in federal court by one of its own citizens.").

The Washington County Domestic Relations Section, and its employees, while working in their official capacity, is a subunit of the Washington County Court of Common Pleas. Immunity attaches to the actions of the Washington County Domestic Relations Section, and its employees, pursuant to the Eleventh Amendment. Accordingly, Plaintiff's claims against these individuals and entities must be dismissed. See *Bryant v. Cherna*, 520 F. App'x 55, 57 (3d Cir. 2013) ("[T]he state courts of Pennsylvania, including their domestic relations sections, are entitled to immunity from suit in federal court pursuant to the Eleventh Amendment). See also *Gallas v. Supreme Court of Pennsylvania*, 211 F.3d 760, 772-73 (3d Cir. 2000)(citing *Forrester v. White*, 484 U.S. 219, 225 (1988)(the protections of judicial immunity extend to those officers "who perform quasi-judicial functions.").

Additionally, to the extent that Plaintiff is attempting to appeal the judgments of the Washington County Domestic Relations Section (although he claims that this is not a complaint about paying child support), the Court may abstain under *Younger v. Harris,* 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971),[3] and/or the *Rooker-Feldman* doctrine.[4] Under *Rooker-Feldman,* the Court lacks jurisdiction when entertaining a federal court claim would be the equivalent of an appellate review of a state court judgment. *FOCUS v. Allegheny County Court of Common Pleas*, 75 F.3d 834, 840 (3d Cir. 1996). Here, it appears that if this Court were to entertain the claims of Plaintiff herein, the Court would be essentially exercising an impermissible appellate review of the support Order(s) of the Washington County Domestic Relations Court, and would effectively be required to void the state court rulings; or, if there is

---

[3] Three requirements must be met before *Younger* abstention is appropriate: (1) there must be an ongoing state judicial proceeding to which the federal plaintiff is a party and with which the federal proceeding will interfere, (2) the state proceedings must implicate important state interests, and (3) the state proceedings must afford an adequate opportunity to raise the constitutional claims. *Port Authority Police Benev. Ass'n Inc., v Port Authority of New York and New Jersey Police Dept.,* 973 F.2d 169, 173 (3d Cir. 1992).

[4] In 18-cv-00110, Plaintiff actually attaches information to his Complaint arguing that this action is not barred by the Rooker-Feldman doctrine.

an ongoing judicial proceeding as in *Younger,* the Court could abstain from hearing these cases under *Younger* as well. Because Plaintiff does not specifically reference the procedural posture of the state court proceedings, the Court is unable to determine which abstention principal is applicable here.

Accordingly, the Court hereby DISMISSES the Complaints at docket nos. 17-cv-1415 and 18-cv-110 AS FRIVOLOUS and as without merit, because this Court lacks jurisdiction, and because Defendants are immune from suit. Leave to amend is DENIED as futile.

The Clerk of Court shall therefore mark these dockets closed.

So Ordered, this 30th day of January, 2018

s/Arthur J. Schwab
The Honorable Arthur J. Schwab
United States District Judge, W.D. Pa.

cc: All ECF Registered Counsel of Record

William of the Family Rigby
132 Smith Street
Canonsburg, PA 15317